```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ERIC J. WISCHMEYER,

                           Plaintiff,          05-CV-6134T

              v.                               DECISION
                                               and ORDER
ARTHUR J. WISCHMEYER, RICHARD M.
WISCHMEYER, JOHN A. WISCHMEYER,
ANNE C. WISCHMEYER, JANET M.
WISCHMEYER, THOMAS C. WISCHMEYER,
PHILLIP B. DATTILO, LINDA DATTILO,
LORI E. NEUMANN, DANIEL NEUMANN, and
K. BARTHELMES MANUFACTURING COMPANY,
INC.
                           Defendants.
_____
```

## INTRODUCTION

On March 25, 2005, Eric J. Wischmeyer ("plaintiff") initiated this action against K. Barthelmes Manufacturing Company, Inc., Arthur J. Wischmeyer, Richard M. Wischmeyer, John A. Wischmeyer, Anne C. Wischmeyer, Janet M. Wischmeyer, Thomas C. Wischmeyer, Phillip B. Dattilo, Linda Dattilo, Lori E. Neumann and Daniel Neumann (collectively "defendants"), alleging that defendants violated Section 10(b) of the Securities Exchange Act of 1934 (codified at 15 U.S.C. § 78j(b)) and Rule 10b-5 (codified at 17 C.F.R. § 240.10b-5) promulgated thereunder. On May 16, 2005, defendants submitted an Answer to the Complaint. In their Answer, Defendants requested various forms of relief including dismissal of the Complaint with prejudice and that Defendants be awarded costs and expenses, including reasonable attorney's fees.

On January 6, 2006, defendants moved for a Protective Order before Magistrate Judge Marian W. Payson who, after hearing oral

argument on February 15, 2006 ruled, based on a balancing of interests, that the depositions of two octogenarian parties and one terminally ill witness be completed by May 2006. During this time, defendants' summary judgment motion was pending before this Court. By Decision and Order dated August 21, 2006, this Court granted summary judgment in favor of defendants and dismissed plaintiff's complaint with prejudice.

Defendants now move for an order directing plaintiff to pay the fees associated with the defense of this action, alleging that plaintiff's suit was frivolous and commenced in bad faith. Plaintiff, asserting that there is no basis in the record to establish that plaintiff's action was made frivolously and in bad faith, opposes defendants' motion.

## DISCUSSION

Defendants argue that plaintiff is liable for payment of attorney's fees and expenses associated with defending this action based upon several separate theories including: Federal Rule of Civil Procedure ("Rule") 11; Rule 54; 15 U.S.C. § 78u-4; 28 U.S.C. § 1927; and relevant case law. Plaintiff's attorney in his memorandum maintains that none of the statutes or cases cited support defendants' request for attorneys fees.

Defendants seek sanctions in the form of attorneys fees and expenses against the plaintiff pursuant to Rule 11 on grounds that plaintiff's action was brought frivolously, in bad faith and out of spite. "The imposition of sanctions and the determination of the amount of the sanctions are matters left to the district court's

2

discretion...." See Savino v. Computer Credit, Inc., 164 F.3d 81, (2nd Cir. 1998) (citing Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir.1994)); see also Chambers v. Nasco, 501 U.S. 32 (1991)(District court has inherent powers to sanction a litigant for bad faith conduct and that such sanctions may be in the form of attorney's fees and expenses incurred and paid by the opposing party to its attorneys during litigation); Eastway Const. Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir. 1985) (Failure to comply with Rule 11 "shall impose upon the person who signed it..., to pay to the other party... the amount of reasonable expenses... including a reasonable attorney's fee"); Carrasquillo v. City of Troy, 2006 WL 304031 (N.D.N.Y. 2006).

I find, upon review of defendants' affidavits and submissions and plaintiff's opposition, together with my August 21, 2006 Decision and Order, that plaintiff had no basis in law or fact to bring this lawsuit. This Court's decision granting summary judgment dismissing plaintiff's complaint clearly sets forth that plaintiff's action had no basis in law or fact, caused needless litigation and expense to the defendants, and that the claims were both frivolous and not warranted by existing case law. Moreover, the statute provides that if a court determines that a party or attorney violated the requirements of Rule 11, the court shall impose sanctions subject to the Court allowing plaintiff notice and opportunity to respond. See 15 U.S.C. § 78u-4(c)(2).

Initially, the plaintiff, Eric J. Wischmeyer, brought an

action in New York State Supreme Court on April 6, 2000 for dissolution of K. Barthelmes Manufacturing Company, Inc. ("Barthelmes") against Barthelmes and its directors. That action was settled before the Honorable Thomas Stander, Justice of the Supreme Court as the result of which the plaintiff received the sum of $1.4 million in full settlement for purchase of his stock by the corporation. On July 15, 2003, the Court questioned the plaintiff about the terms of the settlement in the presence of his counsel[1] on the record and plaintiff acknowledged that he understood and agreed to the terms of the settlement. This action for securities fraud was brought two years thereafter on March 25, 2005. The facts that the plaintiff claims support his action for securities fraud occurred <u>after</u> the sale of his stock to the remaining stockholders of the corporation. Therefore, under clear authority existing at the time (as stated in my Decision and Order) the alleged misstatement made by defendants in violation of 10b of the Securities Act was not made in connection with the purchase of plaintiff's stock but, in fact, two years thereafter. For the reasons stated in my Decision dated August 21, 2006, the facts alleged by plaintiff were not actionable under the Securities Act. <u>See</u> <u>Radiation Dynamics, Inc, v. Goldmuntz</u>, 464 F.2d 876, 891 (2d Cir. 1972) ("... if a party is already bound to purchase or sell securities, later misrepresentations or omissions do not constitute fraud in connection therewith."); <u>Pittsburgh Coke & Chem. Co. v.</u>

---

[1] Plaintiff was represented by Thomas C. Goker, Esq. in that case. <u>See</u> Transcript of July 15, 2003 Settlement, Ex. C. p. 10 lines 3-22.

Bollo, 421 F.Supp. 908 (E.D.N.Y. 1976), aff'd, 560 F.2d 1089 (2d Cir. 1977) (For purposes of a Rule 10b-5 claim, events occurring after the commitment to purchase stock has been made are irrelevant). August 21, 2006 Decision, Page 9.

In his opposition to the defendants' motion, plaintiff's attorney, Robert D. O'Connell states that, "Fraudulent conduct by the defendants was established in discovery and described in the Court's decision." Paragraph C, page 4 of plaintiff's response. That statement - totally unsupported in his papers - seeks to rebut the claim by defendants that his action in bringing this lawsuit was baseless and that he acted in bad faith. This Court, however, did not describe fraudulent conduct attributable to the defendants in this Court's Decision. Plaintiff's counsel, Robert O'Connell is charged with knowledge of the controlling law as well as the facts necessary to sustain a claim as a practicing attorney and I therefore conclude that his actions in bringing this lawsuit which is clearly contrary to the law and the facts controlling in this case, represents a violation of Rule 11 of the Federal Rules of Civil Procedure. See Browning Debenture Holders Comm. v. DASA Corp., 560 F.2d 1078 (2d Cir. 1977), Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir. 1980). "In light of the express intent of the drafters of . . . Rule 11, and the clear policy concerns underlying its amendment, we hold that a showing of subjective bad faith is no longer required to trigger the sanctions imposed by the Rule. Rather, sanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for

improper purpose <u>or where</u>, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law." <u>See</u> <u>Eastway Const.</u>, 762 F.2d at 253-254.

In plaintiff's opposition memorandum, there is no challenge to defendants' computation of attorney's time, hourly rate, or total fees sought. Accordingly, I determine that defendants' computation of the loadstar figure is reasonable.

## **CONCLUSION**

For the reasons set forth above, I grant defendants' motion for attorney's fees, costs and disbursements. Accordingly, plaintiff is directed to pay to defendants $20,367.00 for attorney's fees and $325.60 for disbursements, totaling $20,692.50. The Clerk of the Court is directed to enter judgment in favor of the defendants against the plaintiff in the aforesaid amount.

ALL OF THE ABOVE IS SO ORDERED.

                                            s/Michael A. Telesca
                                            MICHAEL A. TELESCA
                                          UNITED STATES DISTRICT JUDGE

DATED: Rochester, New York
       November 9, 2006